# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRIVITIS, INC.,<br><br>                             Plaintiff,<br>vs.<br>OCEAN SPRAY CRANBERRIES, INC.,<br><br>                             Defendant. | CASE NO. 10cv0316 JM(MDD)<br><br>ORDER DENYING MOTION FOR ATTORNEY'S FEES |

Ocean Spray Cranberries, Inc. ("Ocean Spray") moves for an award of attorney's fee pursuant to 35 U.S.C. §285. Trivitis, Inc. ("Trivitis") opposes the motion. For the reasons set forth below, the court denies the motion for attorney's fees.

## BACKGROUND

The court incorporates its May 29, 2012 Order Granting Motion to Exclude Expert Testimony, Granting Ocean Spray's Motion for Summary Judgment, and Denying Plaintiff's Motion for Summary Judgment ("Order").

## DISCUSSION

**Legal Standards**

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. §285. "A case may be deemed exceptional under § 285 where there has been 'willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like

infractions.'" MarTec, LLC v. Johnson & Johnson, 664 F.3d 907, 916 (Fed. Cir. 2012) (quoting Serio–US Indus., Inc. v. Plastic Recovery Techs. Corp., 459 F.3d 1311, 1321–22 (Fed.Cir.2006). Where the alleged infringer prevails in the action, factors relevant to determining whether a case is exceptional include the closeness of the issue, pre-filing investigation, discussions with the defendant, litigation behavior, and prolonged litigation by the patentee. Id.

In the absence of litigation misconduct during litigation, the court may award attorney's fees under §285 "only if the litigation is both: (1) brought in subjective bad faith; and (2) objectively baseless." Id. Under this standard, a patentee's case "must have no objective foundation, and the plaintiff must actually know this." Id. (quoting iLOR, LLC v. Google, Inc., 631 F.3d 1372, 1377 (Fed.Cir.2011).

**The Motion for Attorney's Fees**

Ocean Spray contends that Trivitis's case was objectively baseless because, as the court concluded in its Order, there was no admissible evidence in support of its motion for summary judgment. Ocean Spray further contends that the underlying patent is invalid because of the existence of prior art, the suit was maintained in bad faith, and Trivitis engaged in litigation misconduct. The court rejects these arguments as a basis to award attorney's fees against Trivitis.

Here, the court cannot conclude that Plaintiff's claims were frivolous, without a basis in law or fact, or maintained in bad faith such that this is an exceptional case warranting an award of attorney's fees. With respect to Plaintiff's failure to submit admissible evidence on the motions for summary judgment, the court notes that the poor judgment of Trivitis's prior counsel in failing to procure a competent expert (or to substantiate Mr. Larson's qualifications) to support its motion for summary judgment does not, either alone or in combination with the other arguments raised by Ocean Spray, warrant an award of attorney's fees. The court notes that Trivitis sought and obtained a pre-litigation legal opinion of independent patent counsel expressing the opinion that Cranenergy infringed Trivitis's patent. (Ct. Dkt. 38-8). This pre-litigation report undermines Ocean Spray's argument that Trivitis pursued unjustified litigation. See iLor, 631 F.3d at 1377 ("An infringement action does not become unreasonable in terms of [§285] if the infringement can reasonably be disputed. Infringement is often difficult to determine, and a patentee's ultimately incorrect view of how a court will find does

1 not of itself establish bad faith.").

2     The court also places little weight on Ocean Spray's arguments that Trivitis acted in bad faith because it brought to the patentee's attention the prior art suggesting the invalidity of Trivitis's patent, Trivitis conducted only two 90 minute depositions, Trivitis continued to pursue this action after the claims construction hearing, Trivitis "jettisoned the testing performed by its own expert, Dr. Bibbs," and Trivitis sought to use the litigation as a means to enter into a business relationship with Ocean Spray. (Motion at pp. 9:18-11:6). There is a very strong presumption of patent validity that can only be overcome by clear and convincing evidence. Microsoft Corp. v. i4i Ltd. Partnership, 131 S.Ct. 2238, 2240 (2011). Here, in ruling on the motions for summary judgment, the court did not reach the issue of invalidity based upon the prior art. Rather, the court concluded that Cranenergy, based upon the evidentiary record submitted by the parties, did not infringe Trivitis's patent. While the evidence suggests that the validity of Trivitis's patent is undermined by the prior art, the court did not reach this issue nor does it do so now on a motion for attorney fees pursuant to §285.

    With respect to Dr. Bibbs, the FDA expert designated by Trivitis, the court notes that his testimony on the theoretical complexing between catechin entities and niacin is not dispositve because, not only did he spend only a few hours on this case at the time of his deposition, but he did not consider the court's claim construction. Moreover, he was not a technical expert on catechins, but he was designated as an FDA expert. (Ct. Dkt. 39-1 at pp. 13:19-15:16).[1]

    In sum, the court finds that this is not the exceptional case warranting an award of attorney's fees under 35 U.S.C. §285. The motion for an award of attorney's fees is denied.

**IT IS SO ORDERED.**

DATED: August 23, 2012

                                                      Hon. Jeffrey T. Miller
                                                      United States District Judge

cc:       All parties

---

[1] Finally, the court does not reach the issue of whether Mr. Larson and his company may be held jointly and severally liable for attorney's fees because the court declines to award attorney's fees under the circumstances.